**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dennis Earl GREEN, Defendant–
Appellant.**

No. 91–6341.

United States Court of Appeals,
Tenth Circuit.

June 24, 1992.

---

Jerome T. Kearney, Asst. Federal Public Defender, Oklahoma City, Okl., for defendant-appellant.

Arlene Joplin (Timothy D. Leonard, U.S. Atty., and Edward J. Kumiega, Asst. U.S. Atty., on the brief), Asst. U.S. Atty., for plaintiff-appellee.

Before TACHA, SNEED,* and BRORBY, Circuit Judges.

TACHA, Circuit Judge.

Appellant Dennis Green appeals the district court's enhancement of his sentence pursuant to 18 U.S.C. § 924(e)(1). On appeal, Green asserts that the district court erred in finding that his prior felony convictions met the requirements for enhancement under 18 U.S.C. § 924(e)(1). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

## BACKGROUND

On August 12, 1991, Green entered a plea of guilty to possessing a firearm after

formerly having been convicted of a felony in violation of 18 U.S.C. § 922(g)(1). After Green entered his plea, the government filed a notice for enhanced penalty pursuant to 18 U.S.C. § 924(e)(1). In support of this notice, the government alleged that Green had three previous convictions for violent felonies. The government demonstrated that on July 26, 1979, in the same judicial proceeding, Green was convicted for each of the following: (1) on May 1, 1979, the defendant robbed Haile Gebreselassie with a .22 caliber revolver while she was working at a U–Totem store in Oklahoma County; (2) on May, 1979, the defendant robbed Gordy Anderson with a long-barrel gun while he worked at a 7–Eleven Store in Oklahoma County; and (3) on December 4, 1978, the defendant robbed Ron Bastinelli with a knife.

At the sentencing hearing, Green asked the district court to find that the simultaneous convictions on July 26, 1979 did not meet the requirements of 18 U.S.C. § 924(e)(1). The district court rejected this contention and subsequently applied § 924(e)(1).

## DISCUSSION

On appeal, Green argues that § 924(e)(1) requires that the requisite three prior convictions be the result of three separate judicial proceedings. Green recognizes that we have recently held that enhancement is proper even if the three prior convictions were the result of a single judicial proceeding, *United States v. Bolton*, 905 F.2d 319, 323 (10th Cir.1990), *cert. denied*, — U.S. —, 111 S.Ct. 683, 112 L.Ed.2d 674 (1991); *United States v. Tisdale*, 921 F.2d 1095 (10th Cir.1990), *cert. denied*, — U.S. —, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991), but argues that we should reconsider our holding in light of *United States v. Balascsak*, 873 F.2d 673 (3d Cir.1989) (en banc), *cert. denied*, — U.S. —, 111 S.Ct. 173, 112 L.Ed.2d 138 (1990).

---

* The Honorable Joseph T. Sneed, Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

In *United States v. Bolton,* the defendant had been convicted in a single judicial proceeding for robberies that occurred on separate dates and at separate locations. We held that an enhancement was appropriate based on these three prior convictions because "[s]ection 924(e)(1) requires only that the felonies be 'committed on occasions different from one another.'" *Bolton,* 905 F.2d at 323. In *United States v. Tisdale,* the district court enhanced the defendant's sentence under § 924(e)(1) because the defendant, in a single judicial proceeding, had been convicted of three burglaries that occurred on the same date. The defendant entered a shopping mall and then broke into three separate structures. We held that these three burglaries could not be considered a single criminal episode because the defendant had the opportunity to stop after each burglary, but instead chose to burglarize again. His choice to burglarize another business evidenced an intent to engage in yet another "separate criminal episode." *Tisdale,* 921 F.2d at 1098–99.

In *United States v. Balascsak,* the Third Circuit examined whether multiple convictions in the same judicial proceeding should count as only one prior conviction under former 18 U.S.C.App. § 1202(a), the predecessor statute to § 924(e)(1). Writing for the majority, Chief Judge Gibbons analyzed the legislative history of § 1202(a) and concluded that Congress intended to punish "revolving door" criminals. Chief Judge Gibbons then construed § 1202(a) narrowly and required that "the first conviction must have been rendered before the second crime was committed." *Balascsak,* 873 F.2d at 682.

In dissent, Judge Greenberg concluded that "Congress intended that the enhanced penalty provision be applied where the convictions arise from separate criminal episodes or transactions, without regard to when the defendant is convicted of the respective predicate offenses." *Id.* at 685.

Judge Becker concurred in the result, giving Chief Judge Gibbons a majority; however, he stated that he subscribed to the analysis of § 1202(a) in Judge Greenberg's dissent, but did not believe that the government had demonstrated that the crimes were truly separate. Thus, the reasoning of the majority and the dissent both garnered six votes, leaving the law of the circuit unclear. In *United States v. Schoolcraft,* 879 F.2d 64 (3d Cir.), *cert. denied,* 493 U.S. 995, 110 S.Ct. 546, 107 L.Ed.2d 543 (1989), the Third Circuit adopted the reasoning of the dissent in *Balascsak.* The court held that "the statute does not require that the three predicate offenses be separated by intervening convictions." *Id.* at 73–74.

■ We agree with the reasoning of the majority in *Schoolcraft* and the dissent in *Balascsak.* In addition, we note that § 1202(a) has since been amended (now codified as 18 U.S.C. § 924(e)(1)) to require enhancement for "three previous convictions ... for a violent felony ... *committed on occasions different from one another.*" Anti–Drug Abuse Act of 1988, Pub.L. 100–690, § 7056, 102 Stat. 4181, 4402 (1988) (emphasis added). As we stated in *United States v. Tisdale,* "[a] plain reading of the statutory language of § 924(e)(1) ... supports the conclusion that Congress intended the three predicate offenses to be distinct in time." *Id.* at 1099. To interpret any statute, we must begin with the plain language of the statute itself. *Lewis v. United States,* 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980). If the terms of the statute are unambiguous, our inquiry ends. *Burlington N. R.R. Co. v. Oklahoma Tax Comm'n,* 481 U.S. 454, 461, 107 S.Ct. 1855, 1859, 95 L.Ed.2d 404 (1987). Section 924(e)(1) only requires that the felonies be "committed on occasions different from one another." This language plainly does not require that the offenses be separated by an intervening conviction.[1]

---

1. In addition to cases in the Tenth and Third Circuits, see *United States v. Brady,* 960 F.2d 35 (6th Cir.1992) ("We are not prepared to hold that a defendant must have been incarcerated between each of his three prior convictions for the Act to apply."); *United States v. Hayes,* 951 F.2d 707 (6th Cir.1991); *United States v. Towne,* 870 F.2d 880 (2d Cir.), *cert. denied,* 490 U.S.

Further, we decline to depart from our reasoning in *Tisdale* that two burglaries occurring on the same date at different times and different places constitute "separate criminal episode[s]." *Tisdale,* 921 F.2d at 1099; *accord United States v. Washington,* 898 F.2d 439 (5th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 122, 112 L.Ed.2d 91 (1990); *United States v. Schieman,* 894 F.2d 909 (7th Cir.), *cert. denied,* — U.S. —, 111 S.Ct. 155, 112 L.Ed.2d 121 (1990); *United States v. Wicks,* 833 F.2d 192 (9th Cir.1987), *cert. denied,* 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988); *but see United States v. Brady,* 960 F.2d 35 (6th Cir.1992) ("where multiple convictions arise out of a continuous course of criminal activity, or a 'crime spree,' only one separate and distinct criminal episode has occurred for purposes of the Act"; defendant was involved in only one criminal episode where he "commit[ted] two robberies with the same weapon within the space of a half-hour without any intervening period of noncriminal activity"). Accordingly, we hold that the district court properly enhanced Green's sentence under § 924(e)(1). AFFIRMED.

1101, 109 S.Ct. 2456, 104 L.Ed.2d 1010 (1989); *United States v. Herbert,* 860 F.2d 620 (5th Cir. 1988), *cert. denied,* 490 U.S. 1070, 109 S.Ct. 2074, 104 L.Ed.2d 639 (1989); *United States v. Gillies,* 851 F.2d 492 (1st Cir.) *cert. denied,* 488 U.S. 857,

109 S.Ct. 147, 102 L.Ed.2d 119 (1988); *United States v. Wicks,* 833 F.2d 192 (9th Cir.1987), *cert. denied,* 488 U.S. 831, 109 S.Ct. 87, 102 L.Ed.2d 63 (1988); *United States v. Greene,* 810 F.2d 999 (11th Cir.1986).