**UNITED STATES of America, Plaintiff–Appellant/Cross–Appellee,**

v.

**Johnny Lee SANDERS, Jr., Defendant–Appellee/Cross–Appellant.**

**Nos. 92–6157 and 92–6163.**

United States Court of Appeals,
Tenth Circuit.

April 9, 1993.

Leslie M. Kaestner, Asst. U.S. Atty. (Joe Heaton, U.S. Atty., with her on the briefs), Oklahoma City, OK, for U.S.

Jerome T. Kearney, Asst. Federal Public Defender, Oklahoma City, OK, for Johnny Lee Sanders, Jr.

Before LOGAN and HOLLOWAY, Circuit Judges, and BRIMMER, District Judge.*

LOGAN, Circuit Judge.

The government appeals defendant Johnny Lee Sanders, Jr.'s sentence for drug trafficking and firearms offenses, contending that the district court erred in failing to apply the sentence enhancement provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e). Defendant cross-appeals, contending that the district court erred in enhancing his sentence for possessing a stolen firearm, U.S.S.G. § 2K2.1(b)(4), and for possessing a firearm in connection with another felony, *id.* § 2K2.1(b)(5).

## I

Defendant was arrested for reckless driving in November 1991. Officers conducting a search of his person found 7 grams of cocaine, 33.7 grams of heroin, and $2,832 cash in his pockets. An inventory of defendant's car revealed a soft gun case containing drug packaging materials on the back seat, and two loaded guns and additional drug paraphernalia in the trunk. One of these guns was later determined to have been stolen.

Defendant subsequently pleaded guilty to a five count indictment and superseding information charging him with drug possession and distribution, in violation of 21 U.S.C. § 841(a)(1), and with being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g). At his sentencing, the district court found that defendant possessed firearms in connection with his drug trafficking and that one of the firearms was stolen, and it applied the corresponding enhancements under the Sentencing Guide-

lines. The district court declined to apply the Armed Career Criminal Act sentence enhancement, finding that "it was not the intent of Congress to apply the armed career criminal [act] to the facts and circumstances of this case." II R. at 21.

■ We review the district court's factual findings under the clearly erroneous standard. 18 U.S.C. § 3742(e). We will not reverse "unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." *United States v. Beaulieu,* 893 F.2d 1177, 1182 (10th Cir.), *cert. denied,* 497 U.S. 1038, 110 S.Ct. 3302, 111 L.Ed.2d 811 (1990). We give due deference to the district court's application of the Sentencing Guidelines to the facts, 18 U.S.C. § 3742(e), but we review legal questions de novo, *United States v. Goddard,* 929 F.2d 546, 548 (10th Cir.1991).

## II

■ It is undisputed that on March 31, 1978, defendant was convicted of three armed robberies committed during an eight-day period the previous year. The Armed Career Criminal Act requires a fifteen year sentence enhancement whenever an offender who violates 18 U.S.C. § 922(g) "has three previous convictions ... for a violent felony ... committed on occasions different from one another...." *Id.* § 924(e)(1). This court has very recently made clear that this statutory language "plainly does not require that the offenses be separated by an intervening conviction." *United States v. Green,* 967 F.2d 459, 461 (10th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 435, 121 L.Ed.2d 355 (1992); *see also United States v. Tisdale,* 921 F.2d 1095, 1098–99 (10th Cir.1990) (burglaries occurring on the same date constituted distinct criminal episodes for purposes of § 924(e)), *cert. denied,* — U.S. —, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991); *United States v. Bolton,* 905 F.2d 319, 323 (10th Cir.1990)

---

* The Honorable Clarence A. Brimmer, District Judge, United States District Court for the District of Wyoming, sitting by designation.

(simultaneously entered convictions counted separately for purposes of § 924(e)), *cert. denied,* 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 674 (1991). We recognize that at the time defendant was sentenced, the district court did not have the benefit of our opinion in *Green.* However, in light of that decision, there is now no question but that the district court was required to imprison defendant for not less than fifteen years under the Armed Career Criminal Act.

## III

■ The Sentencing Guidelines require an increase of two offense levels "[i]f any firearm was stolen." U.S.S.G. § 2K2.1(b)(4). Defendant admits that he had the scienter required for illegal possession of firearms, but argues that because the government could not maintain a charge against him for receipt of a stolen firearm, an increase in his sentence under § 2K2.1(b)(4) violates his due process rights. Although this is a matter of first impression in this court, several other circuits have decided this question, all of them rejecting defendant's position. *See United States v. Mobley,* 956 F.2d 450, 459 (3d Cir.1992); *United States v. Singleton,* 946 F.2d 23, 26–27 (5th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992); *United States v. Taylor,* 937 F.2d 676, 682 (D.C.Cir.1991); *United States v. Peoples,* 904 F.2d 23, 25 (9th Cir.1990). *See also United States v. Anderson,* 886 F.2d 215, 216 (8th Cir.1989) (upholding enhancement without discussing due process issues).

We understand defendant's generalized due process claim to be an invocation of the rule of lenity and the presumption against strict liability in criminal law. We observe, however, as did the District of Columbia Circuit, that the rule of lenity applies only when the provision to be interpreted is ambiguous; defendant has not shown the requisite ambiguity here. *See Taylor,* 937 F.2d at 682. The Third Circuit, deciding this same issue recently, reviewed extensively the evolution of § 2K2.1(b)(4). *See Mobley,* 956 F.2d at 452–53. Although an

earlier version of § 2K2.1(b)(4) included a blanket scienter requirement, the enhancement currently in effect reflects amendments removing such a requirement. These changes, as well as the Sentencing Commission's deliberate inclusion of scienter requirements in other sections of the Guidelines, indicates the unequivocal meaning of § 2K2.1(b)(4). The government is not obliged to show that defendant knew the firearm was stolen for the enhancement to apply.

■ Defendant's strict liability argument is equally unavailing. He "was not convicted of a strict liability *crime* but instead was subject to a strict liability *sentencing enhancement.*" *Singleton,* 946 F.2d at 26. A finding of guilt in the first instance and a determination of an appropriate sentence upon conviction differ in a number of ways. These include the need only to meet a preponderance of the evidence standard for sentencing decisions. *McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2418–19, 91 L.Ed.2d 67 (1986) ("Sentencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all."); *United States v. Hershberger,* 956 F.2d 954, 957 (10th Cir.1992) ("standard for 'sentencing evidence' is a preponderance of the evidence"). Further, "not only crimes that have not been proven beyond a reasonable doubt, but crimes that have not even been charged" may enter into the sentencing calculation. *Singleton,* 946 F.2d at 26.

## IV

■ Finally, defendant challenges the district court's imposition of a four level enhancement for possession of a firearm "in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). This court has not yet had occasion to interpret this recently amended Guideline language, although we have decided cases arising under the earlier and similar cross reference provisions of § 2K2.1 and the analogous enhancement for firearm possession in connection with drug trafficking under § 2D1.1(b)(1). The essence of defendant's argument is that the government has not

shown, even by a preponderance of the evidence, that the two loaded guns in the trunk were related to his drug trafficking activities. As to this, first we note that the Petition to Enter Plea of Guilty that defendant signed contained his admission, almost in the same terms of this provision, that he "had guns in the trunk of the car in connection with this intended drug trafficking." I R. tab 10 at 7.

We also reject at the outset defendant's suggestion that we apply the standard for conviction under 18 U.S.C. § 924(c) to a § 2K2.1(b)(5) sentence enhancement.[1] This court has already held that such a standard "is much higher than that necessary for enhancement under the Guidelines." *Goddard*, 929 F.2d at 549. However, we also note that, unlike the analogous enhancement under § 2D1.1(b)(1), there is no commentary accompanying § 2K2.1(b)(5) that sets out a standard for possession "in connection with" another felony.[2] Despite this explanatory vacuum, we believe that the enhancement provision itself, the way in which the Guidelines treat the connection between drugs and weapons, and the facts of this case all indicate that the district court properly applied the § 2K2.1(b)(5) enhancement.

The original commentary accompanying § 2K2 of the Guidelines, dealing with offenses relating to firearms, underscored the seriousness of firearm use or possession in connection with other felonies. Pre–Guidelines sentences for such offenses were often high "because of the true nature of the underlying conduct." U.S.S.G. App. C, amend. 374 comment. (backg'd). Enhancements under the Guidelines allowed this practice to continue. Similarly, the Guidelines commentary explains the enhancement for weapons possession under § 2D1.1(b)(1) as reflecting "the increased danger of violence when drug traffickers possess weapons." *Id.* § 2D1.1(b)(1) comment. (n. 3).[3] The courts are aware of this reality and have held that inferences may be drawn when guns and drugs are in close proximity. *See, e.g., United States v. Wheelwright,* 918 F.2d 226, 227 (1st Cir. 1990) (related provision of § 2K2 applicable because "drug distributors who have loaded guns nearby are likely to use the guns in 'committing or attempting' drug offenses"); *United States v. Bronaugh,* 895 F.2d 247, 250 (6th Cir.1990) (related provision of § 2K2.1 properly applied because court could infer that gun purchased for defendant was used to protect his drug trafficking activities).

We think it appropriate to apply the phrase "in connection with" in a straightforward and literal fashion. Defendant was arrested for reckless driving, and significant amounts of drugs and cash were found on his person. A gun case in the back seat of defendant's car contained materials used to package drugs for distribution. Two loaded guns were found in the trunk, along with more drug packaging paraphernalia and a cutting agent. The types of contraband present and its placement throughout defendant's vehicle suggests not only that defendant was trafficking in drugs, but also that the guns and drugs were intermingled. The district court could properly have found by a preponderance of the evidence that defendant possessed the guns in connection with his drug trafficking as he admitted in his written plea statement. The enhancement under § 2K2.1(b)(5) was appropriate.

---

1. 18 U.S.C. § 924(c) requires the government to show that the offender used or carried a firearm "during and in relation to" a drug trafficking crime. The evidence must establish "that defendant had ready access to the firearms and that they played an integral role in the crimes alleged." *United States v. Cox,* 934 F.2d 1114, 1123 (10th Cir.1991). Defendant's argument here is that because the guns were in the trunk of his car, he did not have ready access.

2. The Guidelines commentary to § 2D1.1 provides that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n. 3).

3. Although § 2D1.1(b)(1) adds a weapons enhancement to drug trafficking sentences, we believe the same policy principles would explain an increased sentence for a firearms offender who possesses weapons in connection with drug trafficking activities. On the other hand, without explicit guidance from the Commission, we decline to extend the § 2D1.1(b)(1) "clearly improbable" standard to § 2K2.1(b)(5).

**586**

We **AFFIRM** in part and **REVERSE** in part as set out herein. The case is **REMANDED** for resentencing consistent with this opinion.