7 F.3d 1045
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Dewayne HARRIS, Defendant-Appellant.
 No. 93-6041.
 United States Court of Appeals, Tenth Circuit.
 Oct. 13, 1993.
 
 Before ANDERSON, TACHA, and GARTH[2], Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 TACHA
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Jerry Dewayne Harris appeals from the district court's imposition of a 180-month sentence pursuant to the United States Sentencing Guidelines (U.S.S.G.). Mr. Harris contends that the district court erred in two ways. First, he asserts that the court erred in sentencing him under U.S.S.G. 4B1.4(b)(3)(A), the provision governing sentences for convictions under the Armed Career Criminal Act (ACCA), 18 U.S.C. 924(g)(1), because there was no proof that he had been convicted of three prior violent felonies.
 
 
 3
 Second, Mr. Harris contends that the district judge erred in finding that he did not have discretion to allow a downward departure below the minimum statutory punishment of fifteen years required under 18 U.S.C. 924(e)(1). We hold that the district court was correct in sentencing Mr. Harris under 18 U.S.C. 924(e)(1) as an Armed Career Criminal. Additionally, we hold that the district court properly applied the Sentencing Guidelines and therefore we have no jurisdiction to consider Mr. Harris' claim that the district court erred in not granting him a downward departure below the mandatory fifteen-year sentence.
 
 
 4
 On December 2, 1992, Mr. Harris pleaded guilty to a violation of 18 U.S.C. 922(g)(1), which bars a felon from possessing firearms which were in and affecting interstate commerce. The court found that the total offense level for Mr. Harris was 30 and that his criminal history category was V. The district court found that the Sentencing Guideline range in this situation was 151 to 188 months. However, because the court determined that Mr. Harris was under the Armed Career Criminal Act, the statutory minimum was found to be fifteen years (180 months). 18 U.S.C. 924(e)(1). The district court sentenced Mr. Harris to fifteen years.
 
 
 5
 We review the district court's factual findings under the clearly erroneous standard. 18 U.S.C. 3742(e). We will not reverse "unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." United States v. Sanders, 990 F.2d 582, 583 (10th Cir.1993) (quoting United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir.), cert. denied, 497 U.S. 1038 (1990)). We give due deference to the district court's application of the Sentencing Guidelines to the facts, but we review the legal questions de novo. United States v. Goddard, 929 F.2d 546, 548 (10th Cir.1991).
 
 
 6
 Mr. Harris contends that the district court erred in sentencing him under the ACCA. Mr. Harris asserts that the government did not prove that he had the statutorily required three prior violent felony convictions necessary to sentence him under the ACCA. At the sentencing hearing the government presented evidence that Mr. Harris had been convicted of three counts of burglary in the second degree. These crimes are all "violent felonies" as defined in 18 U.S.C. 924(e)(2)(B). Mr. Harris was seventeen years old at the time of the third conviction. Mr. Harris asserts that the government did not prove that he was properly certified as an adult for this conviction and, therefore, the third conviction cannot support his violation of 18 U.S.C. 924(e)(1). This assertion is without merit.
 
 
 7
 At the sentencing hearing the government proved that Mr. Harris had been certified as an adult for the two burglary convictions in 1978. The government also presented the testimony of John Noberto, a federal probation officer, who established that once a juvenile is certified as an adult for a crime, he is an adult for all subsequent crimes. The third conviction took place after the first two crimes. Therefore, it was established that Mr. Harris was an adult in all three convictions. The district court was correct in sentencing Mr. Harris under the ACCA.
 
 
 8
 Mr. Harris also asserts that the district court erred in finding that it could not depart below the fifteen-year statutory minimum sentence required by Section 924(e)(1) of the ACCA. Mr. Harris relies on United States v. Bowser, 941 F.2d 1019, 1023-24 (10th Cir.1991), to establish that a court may depart below the statutory minimum. This case does not apply to our facts.
 
 
 9
 A sentence imposed within the guideline range may not be appealed unless imposed in violation of the law, as a result of an incorrect application of the guidelines, or unless the sentence is greater than the sentence specified in the applicable guideline range. 18 U.S.C. 3742(a)(1)-(4) (1985 & Supp.1993); United States v. Soto, 918 F.2d 882, 883 (10th Cir.1990). Because we have jurisdiction to determine our jurisdiction, a defendant prima facie invokes our authority to review his appeal when he alleges that a sentence within the guidelines was imposed as a result of an incorrect application of the guidelines. United States v. Garcia, 919 F.2d 1478, 1480 (10th Cir.1990). We must look beyond the mere allegation to consider whether the complaint is indeed reviewable under 3742(a). As a result, the task of determining jurisdiction is little different from deciding the merits of the appeal. Id.
 
 
 10
 The district court did not have any discretion to depart below the statutory minimum of 180 months required by 18 U.S.C. 924(e)(1). Sanders, 990 F.2d at 584; Soto, 918 F.2d at 883. Moreover, Mr. Harris' sentence of 180 months was within the statutory guideline range of 151 to 188 months, as determined by his total offense level and criminal history category. Mr. Harris has not satisfied any of the four requirements to appeal a final sentence contained in 18 U.S.C. 3742(a). Therefore, we hold that the district court properly applied the Sentencing Guidelines and that we have no jurisdiction to consider this claim. 18U.S.C. 3742(a).
 
 
 11
 The decision of the district court is AFFIRMED.
 
 
 
 [2]
 The Honorable Leonard I. Garth, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3