38 F.3d 1214
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James Edward LITMAN, Defendant-Appellant.
 No. 93-5272.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 17, 1994.
Decided October 14, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Herbert F. Murray, Senior District Judge. (CR-92-315)
 James K. Bredar, Federal Public Defender, Beth M. Farber, Asst. Federal Public Defender, Baltimore, MD, for appellant.
 Lynne A. Battaglia, U.S. Atty., Stuart A. Berman, Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 VACATED AND REMANDED.
 Before WIDENER, WILKINS, and WILLIAMS, Circuit Judges.
 
 OPINION
 PER CURIAM
 
 1
 James Edward Litman was convicted by a jury of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994) (Counts One and Two); possession of marijuana in violation of 21 U.S.C.A. Sec. 844 (West Supp.1994), 18 U.S.C. Sec. 2 (1988) (Count Three); operating a vehicle after suspension and revocation in violation of 18 U.S.C.A. # 8E8E # 7, 13 (West 1969 & Supp.1994), assimilating Md. Transp. Code Ann. Sec. 16-303(c), (d) (1992) (Count Six); and speeding within the special territorial jurisdiction of the United States in violation of 36 C.F.R. Sec. 4.21(c) (1993) (Count Seven).
 
 
 2
 Litman appeals his sentence of ninety-two months, arguing that the district court erred in making an enhancement for possession of a firearm in connection with the marijuana offense. United States Sentencing Commission, Guidelines Manual, Sec. 2K2.1(b)(5) (Nov.1992). Because the district court imposed sentence without making the necessary finding on this contested issue, we vacate Litman's sentence and remand for resentencing.
 
 
 3
 Litman was stopped while driving a rental car seventy-four miles per hour in a forty-mile per hour zone at the Beltsville Agricultural Research Center in Maryland. Because his driver's license had been revoked, Litman was arrested. A search incident to arrest revealed that he was carrying rolling papers and .118 grams of marijuana. Under the driver's seat was a plastic bag containing a marijuana cigarette (.135 grams of marijuana), and other items covered with traces of cocaine. A loaded semi-automatic pistol was between the driver's and passenger's seats, and additional ammunition was in the trunk of the car. Litman's passenger was carrying small amounts of marijuana and cocaine. Litman had several prior felony convictions, including auto theft in 1982, possession of cocaine with intent to distribute in 1985, and possession of cocaine in 1987.[1] After a jury trial, Litman was convicted of being a felon in possession of a firearm and ammunition, possession of marijuana, driving with a revoked license, and speeding.[2] The probation officer recommended an enhancement on Counts One and Two, the firearms counts, under guideline section 2K2.1(b)(5), on the ground that Litman had possessed the firearm in connection with another felony, the marijuana offense. Section 2K2.1(b)(5) provides a four-level enhancement "if the defendant used or possessed any firearm or ammunition in connection with another felony offense."
 
 
 4
 Litman filed a pro se objection to the enhancement, arguing that the amount of marijuana was so small that his marijuana offense was only technically a felony, and the sentencing court should depart by not applying the enhancement. The probation officer responded that the marijuana offense was a Class E felony because the maximum punishment was three years for a defendant with two prior drug convictions, and the enhancement was thus correct. 18 U.S.C.A. Sec. 3559(a) (West Supp.1994); U.S.S.G. Sec. 4A1.2(o).
 
 
 5
 At the sentencing hearing, defense counsel argued that the enhancement was not appropriate because there was no indication that Litman had used the firearm in connection with the marijuana. The Government argued that possession of the firearm during the drug offense was sufficient to show the necessary connection. The district court made no specific finding on this contested issue. The court also failed to adopt the recommendations in the presentence report. However, it imposed sentence at the bottom of the recommended guideline range of 92-115 months, which included the enhancement. On appeal, Litman contends that the court erred in making the enhancement.
 
 
 6
 The phrase "in connection with" is not defined or explained in section 2K2.1 or the accompanying commentary. This court has not yet construed the phrase. Other circuits have looked to 18 U.S.C.A. Sec. 924(c) (West Supp.1994), and to guideline section 2D1.1(b)(1) and its commentary for guidance in interpreting the phrase when the other offense was drug trafficking or burglary, offenses in which the connection with firearm possession is easily made. See United States v. Guerrero, 5 F.3d 868, 871-73 (5th Cir.1993) (firearm stolen during burglary), cert. denied, 62 U.S.L.W. 3553 (U.S.1994); United States v. Gomez-Arrellano, 5 F.3d 464, 466-67 (10th Cir.1993) (firearm possessed by illegal alien also convicted of drug offenses); United States v. Brewster, 1 F.3d 51, 53-54 (1st Cir.1993) (firearm sold to undercover agent by felon also convicted of cocaine distribution); United States v. Sanders, 990 F.2d 582, 584-85 (10th Cir.) (defendant arrested for reckless driving had significant amounts of drugs and cash on him, and two loaded guns in trunk of car), cert. denied, 62 U.S.L.W. 3250 (U.S.1993).
 
 
 7
 In United States v. Condren, 18 F.3d 1190 (5th Cir.1994), the defendant was a felon in illegal possession of a firearm and a small amount of drugs and, like Litman, was convicted of drug possession rather than drug trafficking. The Fifth Circuit decided that the Government need not show any nexus between the firearm and the felony drug possession offense other than the fact of the physical proximity of the gun and the drugs, in order to find that the gun was possessed "in connection with" the drug offense. 18 F.3d at 1197-98. Moreover, the court found that because the defendant in Condren had trafficked in crack just before his arrest, it was reasonable to infer that he had the firearm for protection.
 
 
 8
 The district court has the duty to resolve each controverted matter which is important to the sentencing determination. U.S.S.G. Sec. 6A1.3, p.s.; United States v. Morgan, 942 F.2d 243, 246 (4th Cir.1991). When the district court fails to resolve an issue which is contested, resentencing is necessary. Id. The district court must also explain the basis for its ruling to facilitate appellate review. United States v. Melton, 930 F.2d 1096, 1099 (5th Cir.1991).
 
 
 9
 Here, the district court failed to make any specific findings on the issue whether Litman possessed a firearm "in connection with" the marijuana offense. Accordingly, we vacate Litman's sentence and remand for resentencing. On remand, the district court should determine whether an enhancement under guideline section 2K2.1(b)(5) is warranted, make any factual findings which bear upon the issue, and explain the grounds for its determination. We deny Litman's motion for oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 [1]
 This offense is a misdemeanor punishable by a term of not more than 10 years. Md. Ann.Code art. 27, Sec. 287 (1992)
 
 
 [2]
 Litman was acquitted of possession of cocaine and possession with intent to use drug paraphernalia