**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5180

ROBERT DANIEL PRINCE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., District Judge.
(CR-94-193)

Submitted: August 13, 1996

Decided: August 23, 1996

Before ERVIN, Circuit Judge, and BUTZNER and PHILLIPS,
Senior Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant. J. Preston Strom, Jr., United States
Attorney, Sean Kittrell, Assistant United States Attorney, Columbia,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Robert Daniel Prince was convicted of possession of a firearm by a convicted felon, 18 U.S.C.A. §§ 922(g), 924(a) (West Supp. 1996), and of possession of an unregistered firearm (a sawed-off shotgun), 26 U.S.C. §§ 5841, 5861(d), 5871 (1988). He appeals his 225-month sentence, contending that the district court erred in enhancing his sentence for possession of a firearm in connection with another felony. United States Sentencing Commission, Guidelines Manual § 2K2.1(b)(5) (Nov. 1994). Prince has also requested leave to file a pro se supplemental brief in which he challenges his conviction on the ground that the district court erred in denying his motion to suppress evidence seized in a search of his apartment. We affirm the conviction and the sentence.

In early 1994, an arrest warrant was issued in Sumter, South Carolina, for Ricky Govan after he threatened to kill his ex-girlfriend and fired a shotgun into her bedroom, wounding another woman. The intended victim informed police that Govan was staying with two brothers named Prince in the Gamecock Apartments and that she had seen him in front of Apartment 32. A car parked near that apartment was registered to Robert Prince, and the listed address was Apartment 32. Police obtained a search warrant for the apartment which authorized a search for Govan, a shotgun, and ammunition for the shotgun.

When the search warrant was executed on March 3, 1994, Govan was not present. However, Robert Prince was sleeping in the apartment; under his mattress was a bag containing 14.46 grams of marijuana and a loaded pistol. The officers telephoned the judge who had issued the search warrant and obtained authorization to search for narcotics and related items. Also found in the room were a sawed-off shotgun, shotgun shells and other ammunition, two beepers, a set of small scales, $1588 in cash hidden under the dresser, and various doc-

2

uments belonging to Prince. Shortly after the search was completed, a call came in to one of the beepers and an officer dialed the number displayed. The caller asked, "Are you holding?" and said he would be over in a white Chevrolet. Later a white Chevrolet drove by but did not stop.

After being advised of his Miranda* rights, Prince stated that he bought the marijuana the day before. He said he had received the firearms as collateral for a loan and that he intended to sell the guns if the money was not repaid. Following a suppression hearing, the district court found that the search warrant was supported by probable cause and that Prince's statement was voluntary. The court denied Prince's motion to suppress the evidence seized during the search.

In his pro se supplemental brief, Prince argues that the search warrant was not supported by probable cause and that the expanded search was thus also tainted. However, the evidence produced at the suppression hearing established that when the warrant was obtained there was good reason to believe that Ricky Govan would be found in Prince's apartment. See Illinois v. Gates, 462 U.S. 213, 238 (1983) (totality of circumstances test). Because the initial search warrant was supported by probable cause, the expanded search warrant obtained by telephone was not tainted.

Prince also asserts in his pro se brief that his statement was coerced because Agent Blair told him a weapons charge would be brought against his mother if he did not confess. Even assuming that such a statement might be coercive, Prince did not make this claim in the district court and we review it under the plain error standard. United States v. Brewer, 1 F.3d 1430, 1434-35 (4th Cir. 1993). Defense counsel did not contest the government's evidence that the statement was lawfully obtained once the district court determined that the search warrant was supported by probable cause. We cannot find that the district court plainly erred in admitting the statement.

At Prince's sentencing hearing, the government argued that Prince had been engaged in drug trafficking and that the firearm was present

_____

*Miranda v. Arizona, 384 U.S. 436 (1966).

3

to protect him and his marijuana. The district court ultimately found, by a preponderance of the evidence, that Prince possessed the pistol in connection with the felony offense of marijuana trafficking and enhanced his sentence accordingly. USSG § 2K2.1(b)(5). The court based its finding on the presence of the pistol and the marijuana together under Prince's mattress, together with the presence of the scales, beepers, and the call from a drug customer.

Prince contends on appeal that the evidence established marijuana possession, but not marijuana trafficking, and thus was insufficient to show that he possessed the pistol "in connection with" another felony offense. He argues that the phrase should be interpreted by analogy to the phrase "in relation to" used in 18 U.S.C.A. § 924(c) (West Supp. 1995). Some circuits have taken that approach. See United States v. Routon, 25 F.3d 815, 818 (9th Cir. 1994); United States v. Gomez-Arellano, 5 F.3d 464, 466-67 (10th Cir. 1993). Others have looked to the commentary to USSG § 2D1.1(b)(1) for guidance in interpreting the phrase when the other offense is drug trafficking. See United States v. Condren, 18 F.3d 1190, 1196-99 (5th Cir.), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3261 (U.S. Oct. 3, 1994) (No. 93-9610); United States v. Brewster, 1 F.3d 51, 53-54 (1st Cir. 1993); United States v. Sanders, 990 F.2d 582, 584-85 (10th Cir.), cert. denied, 510 U.S. 878 (1993). This court has not yet construed the phrase "in connection with" as used in section 2K2.1; it is not defined or explained in the guideline or the commentary.

However, we are satisfied that the enhancement was appropriate in Prince's case. The district court's factual finding that Prince was engaged in drug trafficking was not clearly erroneous. Under the more lenient standard of USSG § 2D1.1, comment. (n.3), the mere presence of a firearm during a drug trafficking offense is enough to trigger an enhancement. Those courts which have analogized to § 924(c) have interpreted the phrase "in relation to" as meaning that the firearm's presence must at least "have some purpose or effect with respect to the drug trafficking" rather than being accidental or coincidental, following Smith v. United States, 508 U.S. 223 (1993). In an ordinary case, the connection may be that the firearm "facilitates the offense by providing a means of protection or intimidation." Id.; Routon, 25 F.3d at 819. The district court's finding that Prince was engaged in drug dealing and that the firearm was connected to his

4

drug dealing encompasses a finding that Prince had the weapon under his mattress for protection or intimidation. Therefore, the enhancement was not error.

The Supreme Court's holding in Bailey v. United States, ___ U.S. ___, 64 U.S.L.W. 4039 (U.S. Dec. 6, 1995) (No. 94-7448), does not affect our decision because USSG § 2K2.1(b)(5) permits an enhancement based on possession as well as use of a firearm. See United States v. Gary, 74 F.3d 304, 317 n.11 (1st Cir.) (Bailey inapplicable to USSG § 4B1.4(b)(3)(A) which provides enhancement for use or possession of firearm in connection with specified offenses because meaning of "in connection with" remains unchanged), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3855 (U.S. June 24, 1996) (No. 95-9074).

We therefore affirm the conviction and the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5