## UNITED STATES COURT OF APPEALS

<u>Filed 10/28/96</u>

## TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

MICHAEL CLARK COWAN, also
known as Larry Earl Hawkins,

     Defendant - Appellant.

No. 96-2055
(D.C. No. CR-95-200-JC)
(District of New Mexico)

---

## ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, **KELLY** and **LUCERO**, Circuit Judges.

---

Defendant-appellant Michael Clark Cowan was indicted by a federal grand jury in the District of New Mexico in April, 1995. The first count of the two-count indictment charged Mr. Cowan with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The second count alleged that Mr. Cowan unlawfully possessed an unregistered firearm, in violation of 26 U.S.C. §§ 5861(d) and 5871. The matter proceeded to trial, but the district court declared a mistrial when the jury was unable to reach a unanimous verdict.

---

[*]The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a) and 10th Cir. R. 34.1.9. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Shortly thereafter, pursuant to a plea agreement, appellant pled guilty to being a felon in possession of a firearm. Over Mr. Cowan's objections, the district court adopted the factual findings and recommendations of the probation department in toto. Mr. Cowan was sentenced to seventy months imprisonment, to be followed by three years of supervised release. This appeal ensued.

## I.  Jurisdiction Regarding Downward Departure

Appellant contends that the district court erred in declining to grant his request for downward departure. Our jurisdiction to review such a claim is somewhat limited. We may do so

> only when "the district court refused to depart because it erroneously interpreted the Guidelines as depriving it of the power to depart based on the proffered circumstances . . . . However, if the district court interpreted the Guidelines as authorizing departure, but nonetheless chose not to depart, then we would have no jurisdiction to review this discretionary decision."

United States v. Rowen, 73 F.3d 1061, 1063 (10th Cir. 1996) (quoting United States v. Barrera-Barron, 996 F.2d 244, 245 (10th Cir.), cert. denied, 510 U.S. 937 (1993)).

In this case, after hearing the arguments of counsel, the district court stated: "I adopt the recommendation of the probation department. I find that you are not entitled to any reduction or to any credits. I didn't believe you at the trial and I don't believe you now." We are satisfied that these statements, when read in their proper context, evidence the district court's recognition of its authority to

depart downward, and decision not to do so.  See Rowen, 73 F.3d at 1063 (sentencing court assumed to recognize its discretion to depart downward unless judge unambiguously states otherwise).  Accordingly, we have no jurisdiction over Mr. Cowan's claim on this issue.

## II.  Enhancement Under § 2K2.1(b)(5)

Appellant next contends that the district court misapplied the sentencing guidelines when it enhanced his sentence for "us[ing] or possess[ing] a firearm or ammunition in connection with another felony offense."  See USSG § 2K2.1(b)(5).  We know from his guilty plea that Mr. Cowan used or possessed a firearm.  Consequently, the question becomes whether or not he did so "in connection with another felony offense."

Sentencing determinations of relevant conduct and offense characteristics must be supported by a preponderance of the evidence.  United States v. Gomez-Arrellano, 5 F.3d 464, 466 (10th Cir. 1993).  We review the district court's factual findings under the clearly erroneous standard.  18 U.S.C. § 3742(e).  We will not reverse "unless the court's finding was without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made."  United States v. Beaulieu, 893 F.2d 1177, 1182 (10th Cir.), cert. denied, 497 U.S. 1038 (1990).  This court will give "due deference to the district court's application of the Sentencing Guidelines to

the facts . . . but [will] review legal questions de novo." United States v. Sanders, 990 F.2d 582, 583 (10th Cir.), cert. denied, 510 U.S. 878 (1993).

In order for a § 2K2.1(b)(5) enhancement to be proper, the firearm must have been used or possessed "in connection with" another felony offense. See Gomez-Arrellano, 5 F.3d 464; Sanders, 990 F.2d 582. In this case, it is undisputed that appellant's use or possession of the firearm physically and temporally coincided with the conduct alleged to be "another felony offense." Restated, the discharge of the sawed-off shotgun forms an integral part of the alleged aggravated assault. We therefore conclude that the connexity or nexus element of § 2K2.1(b)(5) is satisfied in this case.

The sole remaining question is whether Mr. Cowan fired the sawed-off shotgun in connection with "another felony offense." In this context, the Guidelines define the term "felony offense" as "any offense (federal, state or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained." USSG § 2K2.1, comment. (n.7) (emphasis supplied); see Stinson v. United States, 508 U.S. 36, 38 (1993) (holding that commentary in the Guidelines Manual interpreting or explaining a guideline "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline.").

The district court adopted the factual findings and Guideline applications set forth in the probation department's presentence report. That report concluded that a § 2K2.1(b)(5) enhancement was appropriate in this case because "[t]he defendant committed another felony offense, to wit: Aggravated Assault, by shooting [the victim] with the shotgun and injuring him."

We are mindful that "[c]onclusions in the pre-sentence report unsupported by facts do not constitute a preponderance of the evidence." United States v. Pantelakis, 58 F.3d 567, 568 (10th Cir. 1995). In this case, however, we conclude that a preponderance of the evidence supports the district court's finding that Mr. Cowan's conduct during this incident amounted to aggravated assault, and therefore "another felony offense."

Under New Mexico law, the crime of aggravated assault is a fourth degree felony, and consists of "unlawfully assaulting or striking at another with a deadly weapon." N.M. Stat. Ann. § 30-3-2. The presentence report recounted the testimony of undercover officers who

> observed two males involved in a physical altercation. [The officers] observed one of the male subjects, later identified as [the victim], turn and run . . . . The officers then observed the other person identified as Michael Cowan level a sawed off shotgun in the direction of [the victim] as he was fleeing. The officer then observed and heard the shotgun discharge. [The victim] fell face down catching himself with his hands. Cowan then turned and began to walk in the direction of the officers. Officers further observed [the victim] get back on his feet and began jumping around. [The victim] had been shot in the leg.

Presentence Report at 3.

By any objective standard, purposefully firing a sawed-off shotgun in the direction of a fleeing person constitutes "unlawfully assaulting or striking at another with a deadly weapon." Appellant opposes such a conclusion by maintaining that his actions were in self-defense.

The transcript of the sentencing hearing reveals that the district court rejected Mr. Cowan's version of the incident, and therefore his self-defense claims. The court made adverse credibility determinations and, over defense counsel's objections, adopted the presentence report and its recommendations in full. Trial courts receive a great deal of deference in this context, and we see no reason why this case should be an exception. See Anderson v. City of Bessemer City, 470 U.S. 564, 573-79 (1985); Willner v. University of Kansas, 848 F.2d 1023, 1030 (10th Cir. 1988), cert. denied, 488 U.S. 1031 (1989) ("The Supreme Court has urged deference to the district court's findings whether those findings are based on credibility determinations, documentary evidence, or both.").

We note that based upon our reading of the record, we would affirm the district court's conclusions even if we were to apply the more onerous de novo standard of review. Accordingly, we need not address whether the district court's rejection of appellant's self-defense claim is reviewed as a factual finding or, rather, whether it is reviewed as primarily involving an application of law.

As a final matter, we address the victim's post-incident statement to the investigating officers. When interviewed, the victim asserted that Mr. Cowan approached him, made a brief statement in an angry manner, and then shot him. Appellant contends that this evidence was derived from a dubious source, is inconsistent with other testimony, is hearsay, and ought not be considered. In this circuit, hearsay evidence may be considered in making sentencing determinations so long as it has "sufficient indicia of reliability to support its probable accuracy." See USSG § 6A1.3 and comment; United States v. Fennell, 65 F.3d 812, 813 (10th Cir. 1995).

Appellant likens his case to Fennell, where we held that "[u]nsworn out-of-court statements made by an unobserved witness and unsupported by other evidence form an insufficient predicate for a sentence enhancement under § 2K2.1(b)(5)." Fennell, 65 F.3d at 814. However, Fennell is inapposite. In that case, we concluded that the enhancement was improper because the impermissible statements "were the only evidence indicative of a felony." Id. (emphasis supplied). Here, in contrast, independent evidence of felonious conduct exists: the undercover officers testified that they saw the appellant level the sawed-off shotgun and shoot the victim as he was fleeing. Accordingly, we need not decide whether the disputed statement lacks the requisite indicia of reliability, for we

would affirm the district court's decision even if we were to reject the victim's account of the incident.

## III.  Conclusion

A preponderance of the evidence supports the district court's sentencing decision in this case.  We conclude that this court lacks jurisdiction to entertain appellant's claim regarding the district court's refusal to depart downward.  We further conclude that appellant used or possessed a firearm in connection with another felony offense and, consequently, the four (4) point enhancement under § 2K2.1(b)(5) is appropriate.

AFFIRMED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge