**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 17 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MILTON B. JOHNSON,

      Defendant-Appellant.

No. 98-3357
(D.C. No. 98-CR-40053-DES)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **EBEL** and **LUCERO**, Circuit Judges.

      Defendant-Appellant Milton Johnson pled guilty to possession of a firearm

after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). At

sentencing, Johnson's base offense level was increased by two points, pursuant to

U.S.S.G. § 2K2.1(b)(4) and Application Note 19, for having possessed a firearm

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that was stolen. Johnson objected to the enhancement, arguing that he had no knowledge that the firearm was stolen, and that the Due Process Clause required a finding of knowledge before he could be punished for possessing a stolen firearm. The district court held that knowledge was not required and applied the enhancement. This appeal follows, and we affirm.

As Johnson readily admits, in United States v. Sanders, 990 F.2d 582, 584 (10th Cir. 1993), overruled on other grounds, United States v. Gomez-Arrellano, 5 F.3d 464, 466-67 (10th Cir. 1993) (citing the intervening case of United States v. Smith, 508 U.S. 223 (1993)), this court addressed the constitutionality of U.S.S.G. § 2K2.1(b)(4) and Application Note 19, and concluded, like the Fifth, Ninth, and D.C. Circuits before it, that no due process violation was present. Johnson asks us to reconsider Sanders, but we "cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993).

As a result, the district court's sentence is affirmed.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

- 2 -