**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 05-6168 |
| v. | (W.D. Oklahoma) |
| BRITT JARRIEL HAMMONS, | (D.C. No. CR-04-172-F) |
| Defendant - Appellant. | |

**ORDER AND JUDGMENT** *

Before **TACHA** , **ANDERSON** , and **BALDOCK** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal.    See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.

Britt Jarriel Hammons pled guilty to one count of being a felon in
possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  He was

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

subsequently sentenced to a term of 180 months imprisonment, pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to be served consecutively to prison terms imposed for violations of state law. He appeals his sentence, which we affirm.

## BACKGROUND

On November 28, 2003, while driving in Edmond, Oklahoma, Hammons was stopped by the police for various traffic violations. Because his own driver's license was suspended, Hammons gave to the police his brother's name. When the police officer discovered there was an arrest warrant out for Hammons' brother, the officer arrested Hammons. Hammons then revealed that there was a 9 mm pistol under the passenger seat of the car.

Hammons was subsequently indicted on one count of being a felon in possession of a firearm. He pled guilty to the charge, including admitting during the plea colloquy that he had prior convictions for possession of a false ID card, "false personation, concealing stolen property, . . . forgery [and] discharging a firearm from a moving vehicle." Tr. of Plea Proceedings at 12-13, R. Vol. 2. He was also told during his plea proceedings that he likely faced a ten-year maximum sentence, as provided by 18 U.S.C. § 924(a)(2), for being a felon in possession of a firearm under § 922(g)(1).

The case was then assigned to the probation office so a presentence report ("PSR") could be prepared. The probation officer concluded that, because of Hammons' prior criminal record, he qualified as an Armed Career Criminal under the ACCA, 18 U.S.C. § 924(e). He accordingly recommended that Hammons receive the fifteen-year mandatory minimum required by the ACCA. Because Hammons had been told in his plea proceedings that his maximum sentence would be ten years, [1] the court inquired whether Hammons wished to withdraw his guilty plea. Hammons chose to persist in his guilty plea. The court concluded that the ACCA was applicable, and sentenced Hammons to 180 months, the statutory minimum under the ACCA, to be served consecutively to sentences he was serving for violations of state law. The court also imposed a five-year term of supervised release and a $100.00 special assessment.

Hammons appeals, arguing (1) the district court erred in sentencing Hammons under the ACCA where neither the indictment, Hammons' plea petition, nor the plea proceedings mentioned the ACCA but, rather, stated that his maximum exposure was ten years; (2) the district court erred in treating Hammons' prior felony convictions for using, and attempting to use, a vehicle to

---

[1] Although Hammons was told by the government during his plea proceedings that he would face a ten year maximum sentence, the district court reminded Hammons "that the sentence imposed by the Court may be different from any estimate [his] attorney may have given [him]." Tr. of Plea Proceedings at 7, R. Vol. 2.

facilitate the discharge of a firearm as separate offenses for purposes of applying the ACCA; and (3) the district court abused its discretion in refusing to have Hammons' federal sentence run concurrently with his state sentences.

**DISCUSSION**

Hammons first argues that, in sentencing him under the ACCA, the court violated Hammons' Fifth and Sixth Amendment rights because the sentence "exceeded the maximum authorized by the indictment, his plea and his admissions." Appellant's Br. at 7. Hammons concedes, however, as he must, that this argument is foreclosed by numerous decisions of this court, including United States v. Dorris, 236 F.3d 582 (10th Cir. 2000), and United States v. Moore, 401 F.3d 1220 (10th Cir. 2005). We are bound by those decisions.

Hammons next argues that the district court erred in sentencing him under the ACCA because the court improperly treated as separate incidents the four counts of Hammons' conviction in 1992 for using a vehicle to facilitate the intentional discharge of a firearm and of attempting to do so. He argues "the counts for which Mr. Hammons was convicted were so related and close in time that they should be treated as a single conviction." Appellant's Br. at 8. [2] He

---

[2]As detailed in the PSR, the incidents in question were a series of drive-by shootings directed at the same residence and involving essentially the same

(continued...)

-4-

concedes, as he must, that this argument is foreclosed by United States v. Tisdale, 921 F.2d 1095 (10th Cir. 1990), cert. denied, 502 U.S. 986 (1991), and cases following it. See United States v. Green, 967 F.2d 459 (10th Cir. 1992). We are bound by those decisions.

Finally, Hammons argues the district court erred in determining that his fifteen year sentence under the ACCA should run consecutively to his state sentences. Hammons was subject to three concurrent eight-year terms of imprisonment, two of which involved revocations of probation stemming from other crimes and one of which involved the use of a false ID card. Hammons' counsel argued at sentencing that the fifteen-year ACCA term should run concurrently with those sentences. The district court rejected that argument, concluding that the state crimes were completely unrelated to the federal crime, and, further, "the state crimes involving false personation and other crimes of a similar nature, concealing stolen property and forgery, are crimes which in and of themselves are deserving of separate and serious attention by the state authorities." Tr. of Sentencing at 25, R. Vol. 3. The court additionally noted

---

[2](...continued)
people. Nevertheless, they occurred over a period of four weeks in late 1992: November 17, November 27, December 3 and December 12. PSR at ¶ 24, R. Vol. 4.

Hammons' significant criminal history in deciding to impose the federal sentence consecutively.

"A district court generally has broad discretion to impose a consecutive or concurrent sentence. In exercising its discretion to impose a concurrent or consecutive sentence, the district court must provide reasons for its decision." United States v. Hurlich, 293 F.3d 1223, 1230 (10th Cir. 2002) (citations omitted). The district court explained why it determined to impose Hammons' federal sentence consecutively to his state sentences, and did not abuse its discretion in so doing.

For the foregoing reasons, Hammons' sentence is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge