**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>BRITT JARRIEL HAMMONS,<br><br>    Defendant - Appellant. | No. 20-6136<br>(D.C. Nos. 5:20-CV-00789-F &<br>5:04-CR-00172-F-1)<br>(W.D. Okla.) |

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BRISCOE** and **EID**, Circuit Judges.
_____

Britt Jarriel Hammons, a federal prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's dismissal of his 28 U.S.C. § 2255

motion. We deny Hammons's request for a COA and dismiss this matter.

**BACKGROUND**

Hammons pled guilty to one count of being a felon in possession of a firearm, in

violation of 18 U.S.C. § 922(g)(1). The district court sentenced him to 180 months'

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hammons appears pro se, we construe his filings liberally but do not serve as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

imprisonment. He appealed his sentence, and we affirmed. *United States v. Hammons*, 153 F. App'x 492, 493 (10th Cir. 2005). He later filed a § 2255 motion seeking to vacate his sentence. We affirmed the district court's denial of that motion. *United States v. Hammons*, 862 F.3d 1052, 1054 (10th Cir. 2017).

He then filed the pro se motion that is the subject of this appeal, using the district court's § 2255 motion form. He asserted that his confinement in prison—instead of at home—violated (1) the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194; (2) G.A. Res. 70/175, United Nations Standard Minimum Rules for the Treatment of Prisoners (Dec. 17, 2015); (3) G.A. Res. 217 (III) A, Universal Declaration of Human Rights (Dec. 10, 1948); and (4) 34 U.S.C. § 60541(g). And he sought transfer to home confinement "for the remainder of his sentence." R. Vol. I at 129.

The district court observed that § 2255 does not countenance a transfer request. And it concluded that even if § 2255 did, Hammons's § 2255 motion should be dismissed for lack of jurisdiction because he did not first obtain this court's authorization to file it. *See* 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). The court "decline[d] to automatically transfer" Hammons's motion to us under 28 U.S.C. § 1631 "to obtain the required authorization because [Hammons] cannot meet the requirements of 28 U.S.C. § 2255(h)." R. Vol. I at 132. The court went on to note that it lacked authority to grant Hammons release to home confinement under 34 U.S.C. § 60541 or the CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).[2]

---

[2] Hammons's motion did not cite the CARES Act. But he sought release to home confinement and the CARES Act amended 18 U.S.C. § 3624(c)(2) to permit longer home

2

In a footnote, the district court also addressed the possibility that Hammons's motion sought relief under 18 U.S.C. § 3582(c), which the First Step Act amended. The court noted that before bringing a motion under this provision, a defendant must exhaust all administrative rights and wait 30-days after giving notice of the pending filing to his or her warden, and cited its prior determination that the exhaustion and 30-day notice requirements are jurisdictional. It then found that Hammons did not indicate that he sought relief under § 3582, but concluded that even if he had, "the court would be without authority to grant [Hammons] a reduction in his sentence under § 3582(c)(1)(A)(i)" because Hammons "failed to show that he has complied with the exhaustion or 30-day requirement." R. Vol. I at 133 n.2.

The district court then dismissed Hammons's motion for lack of jurisdiction. Hammons appealed. He filed a combined opening brief and request for COA, describing his motion in the district court as "an 28 USC 2255." Aplt. Combined Opening Br. at 1. He also filed a request for the appointment of counsel and a motion seeking release on bail pending appeal.

## DISCUSSION

Under 28 U.S.C. § 2253(c)(1)(B), a prisoner must obtain a COA before he or she can proceed with an appeal from a "final order in a proceeding under section 2255." Hammons brought these proceedings under § 2255 and therefore must obtain a COA to

---

confinement in certain circumstances due to the COVID-19 pandemic. *See* § 12003(b)(2), 134 Stat. at 516.

appeal.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008).  To obtain a COA, Hammons must make "a substantial showing of the denial of a constitutional right."  § 2253(c)(2).  Hammons has not met this burden.

Hammons based his motion on alleged violations of statutes and treaties.  He did not assert in his motion, and does not assert on appeal, a violation of his constitutional rights.  And "we may not entertain appeals from the denial of § 2255 motions that lack an underlying constitutional claim."  *United States v. Mulay*, 805 F.3d 1263, 1265 (10th Cir. 2015).

## CONCLUSION

We deny Hammons's application for a COA and dismiss this matter.  We deny Hammons's motion to proceed on appeal without prepayment of costs or fees because he failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  We deny Hammons's motion for the appointment of counsel.  We deny Hammons's motion for release on bail pending appeal as moot.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4