UNITED STATES of America,
Plaintiff–Appellee,

v.

Johnny L. SANDERS, Defendant–
Appellant.

No. 93–6231.

United States Court of Appeals,
Tenth Circuit.

March 11, 1994.

Jerome T. Kearney, Asst. Federal Public Defender, Oklahoma City, OK, for defendant-appellant.

Vicki Miles–LaGrange, U.S. Atty., and Leslie M. Kaestner, Asst. U.S. Atty., Oklahoma City, OK, for plaintiff-appellee.

Before SEYMOUR, Chief Judge, McKAY and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

The facts of this case are set forth in this court's decision in *United States v. Sanders,* 990 F.2d 582 (10th Cir.1993) (*Sanders I* ). In *Sanders I,* we reversed the district court's determination that the Armed Career Crimi-

nal Act, 18 U.S.C. § 924(e) ("ACCA"), was not applicable to the defendant. The district court had sentenced Mr. Sanders to a term of 162 months imprisonment. We remanded the case to the district court for resentencing, noting that in light of this court's decision in *United States v. Green*, 967 F.2d 459 (10th Cir.), *cert. denied*, —— U.S. ——, 113 S.Ct. 435, 121 L.Ed.2d 355 (1992), "there is now no question but that the district court was required to imprison defendant for not less than fifteen years [180 months] under the Armed Career Criminal Act." *Sanders I*, 990 F.2d at 584.

Upon remand, the district court held a sentencing hearing and sentenced Mr. Sanders to a term of 188 months imprisonment, the minimum under the Sentencing Guidelines and eight months more than the minimum required under the ACCA. This sentence reflected the district court's application of the three-point reduction for acceptance of responsibility. The district court denied Mr. Sanders' request for a downward departure from the minimum Guideline sentence to the minimum of 180 months required by the ACCA. Mr. Sanders appeals on three grounds.[1]

Mr. Sanders first argues that the district court erred in applying the Armed Career Criminal Act in light of the unusual facts of this case. The district court's interpretation and application of the Act is a question of law that we review de novo. *United States v. Tisdale*, 921 F.2d 1095, 1098 (10th Cir.1990), *cert. denied*, —— U.S. ——, 112 S.Ct. 596, 116 L.Ed.2d 619 (1991).

The Armed Career Criminal Act provides for a mandatory fifteen year (180 month) sentence for persons who violate 18 U.S.C. § 922(g) and who have "three previous convictions ... for a violent felony ... committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The three predicate offenses used to justify the application of the Act to Mr. Sanders were a series of armed robberies committed over a period of eight days when Mr. Sanders was eighteen years old. Mr. Sanders does not dispute that he was convicted of these robberies. *See Sanders I*, 990 F.2d at 583. Rather, he argues that the state judge who presided at his sentencing for those crimes told him in open court that those convictions would not be used against him later, and that therefore it was error to use them to justify application of the Act.

We note first that, assuming that the state judge did in fact assure Mr. Sanders that his robbery convictions would not be used against him in the future,[2] that assurance could arguably create a protectable liberty interest that might bar use of the prior convictions in state proceedings under state law. However, any attempt to bar use of the convictions under federal law would be *ultra vires*, and unenforceable, except to the extent that such action was contemplated by federal law.

■ Accordingly, we look to the ACCA itself to determine whether the prior robbery convictions were properly used to enhance Mr. Sanders' sentence. Under the ACCA enhanced sentencing provision, three previous "convictions" for a "violent felony" trigger the fifteen year minimum sentence. 18 U.S.C. § 924(e)(1). "Violent felony" is defined in part as "any crime punishable by imprisonment for a term exceeding one year" that involves the use or threatened use of physical force. *Id.* § 924(e)(2)(B). The Act exempts certain convictions from consideration under the enhanced penalty provision. Those convictions include "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored ... unless such par-

---

[1]. Mr. Sanders' counsel presented the first two grounds for this appeal pursuant to the procedures delineated by the Supreme Court in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Tenth Circuit Rule 46.-4.2. Mr. Sanders' counsel provided a copy of his brief to Mr. Sanders, who in turn filed a brief raising the claim of ineffective assistance of counsel. In accordance with *Anders*, Mr. Sanders' counsel requests permission to withdraw from this case. We grant the request for permission to withdraw.

[2]. There is nothing in the record supporting Mr. Sanders' claim as to what the state judge told him. This absence is one of the bases for Mr. Sanders' ineffective assistance of counsel claim, which we address *infra*.

don, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." *Id.* § 921(a)(20). The question whether any of these exemptions applies is to be determined according to the law of the jurisdiction where the conviction was obtained. *Id.*

Since Mr. Sanders' robbery convictions occurred under Oklahoma law, we look to that state's law to determine whether the convictions were properly relied on in this case. Mr. Sanders has not alleged that he was pardoned, and the record of these crimes was evidently not expunged. The only other possible exemption is for restoration of civil rights. Oklahoma law provides that "[a] sentence of imprisonment under the Department of Corrections suspends all the civil rights of the person so sentenced ... *during the term of such imprisonment.*" 21 Okla.Stat.Ann. § 65 (West 1983) (emphasis added). It thus appears that Oklahoma is one of the states that automatically restore a prisoner's civil rights upon completion of the sentence. *See, e.g., United States v. Glaser,* 14 F.3d 1213, 1215 (7th Cir.1994) (Minnesota law); *United States v. Huss,* 7 F.3d 1444, 1448 (9th Cir. 1993) (Oregon law).

We observe that there is a split in the circuits as to whether a state must take affirmative action to restore a prisoner's civil rights for purposes of the restoration of civil rights exemption of the ACCA, or whether automatic restoration may suffice. *Compare United States v. Ramos,* 961 F.2d 1003, 1008 (1st Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 364, 121 L.Ed.2d 277 (1992) (state must affirmatively restore civil rights) *with United States v. Thomas,* 991 F.2d 206, 208–13 (5th Cir.1993) (automatic restoration of civil rights suffices), *United States v. Essick,* 935 F.2d 28, 29–31 (4th Cir.1991) (same), *United States v. Erwin,* 902 F.2d 510, 513 (7th Cir.) (same), *cert. denied,* 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990), *and United States v. Gomez,* 911 F.2d 219, 221 (9th Cir. 1990) (same). We need not resolve this split of authority in this case, however, because even assuming that an automatic statutory restoration of civil rights may suffice for purposes of the ACCA exemption, Mr. Sand-

ers' prior convictions were properly used as predicate offenses. *Cf. United States v. Essig,* 10 F.3d 968, 976 n. 22 (3d Cir.1994) (noting split but declining to reach issue because defendant remained ineligible for jury service and thus did not qualify under the restoration of civil rights exemption regardless of whether automatic restoration was sufficient).

Assuming the sufficiency of an automatic statutory restoration of civil rights as provided under Oklahoma law, "when the restoration of civil rights occurs entirely by virtue of the statute books, other enacted statutes constitute express restrictions on the scope of the restoration." *Glaser,* 14 F.3d at 1215; *United States v. Erwin,* 902 F.2d 510 (7th Cir.1990). Consequently, unless Oklahoma law restored Mr. Sanders' right to carry firearms, the specific right in question under the ACCA, the robbery convictions were properly used to trigger the ACCA's enhanced sentencing provision. *See Glaser,* 14 F.3d at 1215; *Huss,* 7 F.3d at 1448; *United States v. Burns,* 934 F.2d 1157, 1159 (10th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1246, 117 L.Ed.2d 478 (1992); *United States v. Davis,* 936 F.2d 352, 356 (8th Cir. 1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1268, 117 L.Ed.2d 496 (1992). Because Oklahoma law specifically bars convicted felons from carrying firearms, 21 Okla.Stat.Ann. § 1283 (West 1983 and Supp.1994), we hold that the district court properly considered Mr. Sanders' prior robbery convictions as predicate offenses for purposes of enhancing his sentence. *See United States v. Cox,* 934 F.2d 1114, 1122 (10th Cir.1991).

Mr. Sanders' second argument is that the district court abused its discretion in refusing to depart downward from the minimum Guideline sentence. Our standard of review turns on whether the district court interpreted the Guidelines as authorizing downward departure. If the district court recognized that it had the authority to depart, but in its discretion chose not to do so, this court has no jurisdiction to review that decision. *United States v. Enrique Barerra-Barron,* 996 F.2d 244, 245 (10th Cir.1993). If, on the other hand, the district court believed that the Guidelines did not permit

departures, that is a question of law that we review de novo. *United States v. Lowden,* 900 F.2d 213, 217 (10th Cir.), *opinion after remand,* 905 F.2d 1448, *cert. denied,* 498 U.S. 876, 111 S.Ct. 206, 112 L.Ed.2d 166 (1990).

■ At the sentencing hearing, the district court made the following statement:

> Mr. Sanders, the Circuit Court of Appeals basically has directed this Court that I must sentence you under the Armed Career Criminal Act, which allows or requires this Court to sentence you to a minimum of 15 years [180 months].
>
> In addition to that, the guidelines which are applicable in this case, allow the Court or suggest to the Court that its sentence should be from a range anywhere from 188 months to 235 months.
>
> Now, I have sentenced you at the bottom of that range, to the lowest figure. I did not downward depart, because I don't believe the record would justify the Court in doing that in this case, but you have been given the minimum sentence that this Court feels is appropriate and proper in this case.

(R. Vol. II at 11–12.) In light of this statement, we have no doubt but that the district court believed that it had the authority to depart, but chose not to. We are thus compelled to conclude that we lack jurisdiction to review that decision. This conclusion is buttressed by the fact that the basis urged upon the court for a downward departure was that the prior convictions overrepresented Mr. Sanders' criminal history. The availability of a downward departure on that ground is firmly established. *See e.g.,* U.S.S.G. § 4A1.3; *United States v. Clark,* 8 F.3d 839, 843 (D.C.Cir.1993); *United States v. Pace,* 981 F.2d 1123, 1134 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1401, 122

L.Ed.2d 774 (1993); *United States v. Maldonado–Campos,* 920 F.2d 714, 719 (10th Cir. 1990). We cannot assume that the district court was unaware of his authority to depart downward on that ground had the record so warranted.[3]

Mr. Sanders' third ground for appeal is based on ineffective assistance of counsel. This ground was raised by Mr. Sanders himself, acting pro se in response to the *Anders* brief filed by his counsel. We review an allegation of ineffective assistance de novo. *United States v. Rhodes,* 913 F.2d 839, 844 (10th Cir.1990), *cert. denied,* 498 U.S. 1122, 111 S.Ct. 1079, 112 L.Ed.2d 1184 (1991). Such claims are generally not resolved on direct appeal as they require a fully developed record, which is more effectively accomplished on collateral appeal. *United States v. Sands,* 968 F.2d 1058, 1065–66 (10th Cir. 1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 987, 122 L.Ed.2d 139 (1993). Moreover, Mr. Sanders did not raise this claim in the district court, a fact which would normally preclude our consideration of the issue. Nevertheless, given the unique posture of this case as well as the clarity of the issues, we will address Mr. Sanders' contentions.

Mr. Sanders alleges three instances of ineffective assistance of counsel. The first concerns Mr. Sanders' counsel's failure to investigate Mr. Sanders' contentions as to what the state court judge allegedly told him about his prior convictions. Because we have held that the prior convictions were properly considered in enhancing Mr. Sanders' sentence under the ACCA regardless of anything the state judge might have said, Mr. Sanders could not have suffered any prejudice from his counsel's failure to investigate. Under the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), this lack of prejudice

---

**3.** A statement by the district court later in the sentencing proceedings arguably sheds some doubt on this conclusion. There, the court stated:

> That's a long sentence and the Court is not going to deny that. I might confess to you that this Court has some concerns about the length of sentences under the guidelines. *But nevertheless, I don't think I have any discretion in this matter but to sentence you as I have sentenced you.*

(R. Vol. II at 16) (emphasis added). Nevertheless, given the clarity of the court's statement quoted in the text, as well as the unambiguous authority of a court to depart downward when the defendant's criminal history is overrepresented, we conclude that this statement does not indicate the court's belief that he lacked authority to depart. Rather, we believe that the reference to a lack of discretion refers to the application of the ACCA.

precludes a finding of ineffective assistance of counsel.

Mr. Sanders also alleges that his counsel's failure to move to suppress the evidence of the guns found in the trunk of his car on the ground that the traffic stop, the arrest, and the search of the trunk were unconstitutional, constituted ineffective assistance of counsel. Mr. Sanders was arrested for reckless driving. *Sanders I,* 990 F.2d at 583. Because the police officers personally observed Mr. Sanders driving recklessly, both the traffic stop and the arrest were proper. *See Delaware v. Prouse,* 440 U.S. 648, 661, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660 (1979).

Mr. Sanders claims that the warrantless search of the vehicle's trunk was improper because he had already been arrested and handcuffed and thus posed no threat to the officers. The guns were discovered in the trunk of the car during an inventory of the car's contents. *Sanders I,* 990 F.2d at 583. The Fourth Amendment does not prohibit the state from introducing evidence obtained during an inventory search. *Colorado v. Bertine,* 479 U.S. 367, 371–72, 107 S.Ct. 738, 740–41, 93 L.Ed.2d 739 (1987). Counsel's failure to move to suppress the evidence in this case therefore cannot be construed as ineffective assistance of counsel.

Finally, Mr. Sanders claims that his decision to plead guilty was the result of coercion on the part of his counsel. A defendant may attack the voluntary and intelligent character of a guilty plea only by showing that the advice he received from counsel was not "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970). Mr. Sanders presents no evidence showing such a lack of competence. Moreover, we note that had Mr. Sanders not pled guilty, he would not have been granted the three-point downward departure for acceptance of responsibility. We are satisfied that the decision to plead guilty was intelligently and voluntarily made.

Accordingly, we AFFIRM the district court's application of the Armed Career Criminal Act to Mr. Sanders in this case. We also AFFIRM the district court's decision not to depart downward from the Guideline sentence, and we GRANT Mr. Sanders' counsel's request for permission to withdraw.