47 F.3d 1178
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellant,
v.
Bobby Gene RUSSELL, Jr., Defendant-Appellee.
 No. 94-1249.
 United States Court of Appeals, Tenth Circuit.
 Feb. 13, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY, and HENRY, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Chief Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Bobby Gene Russell pled guilty to two counts of bank robbery and one count of carrying a firearm during the commission of a bank robbery. Mr. Russell appeals the district court's refusal to depart downward in sentencing pursuant to U.S.S.G. Sec. 5K2.11. Mr. Russell also alleges ineffective assistance of counsel during the plea process. We dismiss the appeal for lack of jurisdiction with respect to the district court's refusal to grant a downward departure and affirm as to the ineffective assistance claim.
 
 
 3
 In February 1994, federal prosecutors charged Mr. Russell with two counts of bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d) and two counts of carrying a firearm in the commission of a bank robbery in violation of 18 U.S.C. Sec. 924(c)(1). On March 11, 1994, pursuant to a plea agreement, Mr. Russell pled guilty to both bank robbery charges and one of the weapon counts.
 
 
 4
 Before sentencing on May 16, Mr. Russell filed a sentencing memorandum requesting a downward departure. He claimed that he committed the robberies in order to obtain money to retain the affections of his wife, upon whom he was emotionally dependent. Although the district court recognized that it had the discretion to depart downward, it stated that doing so under the facts of this case would be an abuse of that discretion. Subsequently, the court sentenced Mr. Russell to a term of imprisonment of 157 months and five years of supervised release.[1]
 
 
 5
 Mr. Russell's court-appointed counsel represented him throughout the plea process and filed a notice of appeal. Counsel has since filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating his opinion that no meritorious issues could be raised on appeal and asking leave to withdraw as counsel. As required by the Supreme Court in Anders, counsel's brief refers to all matters in the record that might reasonably support an appeal.
 
 
 6
 In his Anders brief, counsel suggests that an argument might be made that the district court should have granted a downward departure pursuant to U.S.S.G. Sec. 5K2.11. Such an argument, however, would be frivolous. "If the district court recognized that it had the authority to depart [from the applicable Guideline range], but in its discretion chose not to do so, this court has no jurisdiction to review that decision." United States v. Sanders, 18 F.3d 1488, 1490 (10th Cir.1994). Because the district court acknowledged its discretion to depart downward, its refusal to do so is not appealable.
 
 
 7
 In his Anders brief, counsel also suggests that Mr. Russell may have a claim for ineffective assistance of counsel. Although counsel does not argue the merits of this claim because he also served as trial counsel, the record reveals that Mr. Russell complained at sentencing that counsel did not inform him he could receive more than 130 months imprisonment. Rec., vol. IV, at 27-30. Because we conclude that the record is sufficiently complete to enable a fair evaluation of the ineffectiveness claim, we will address it on this direct appeal. See Beaulieu v. United States, 930 F.2d 805, 807 (10th Cir.1991).
 
 
 8
 In order to set aside a guilty plea based on ineffective assistance of counsel, a defendant must show (1) that his counsel's assistance was not within the range of competence demanded of attorneys in criminal cases, and (2) that there was a reasonable probability he would not have pleaded guilty had he been represented by competent counsel. Hill v. Lockhart, 474 U.S. 52, 56, 59 (1985). Mr. Russell's allegations of incompetence go to the voluntariness of his plea, suggesting that but for the misrepresentations of counsel, he would not have pleaded guilty.
 
 
 9
 Both the plea agreement and the court during the plea hearing clearly detailed the possible penalties and consequences of a guilty plea. The plea agreement specified a guideline range of 78-97 months with regard to the bank robbery counts and a 60-month mandatory minimum to be served consecutively for use of a firearm during one of the robberies. Rec. vol. I, doc. 6, at 8. At the change of plea hearing, the district court asked Mr. Russell if he fully understood the terms of the plea agreement, and Mr. Russell replied that he did. Rec. vol. II., at 7. The court then listed the statutory penalties for which Mr. Russell was eligible, including 25 years imprisonment and a $250,000 fine for each of the bank robbery counts, and the mandatory 60-month consecutive sentence for the firearm count. Id. at 8. Mr. Russell signed a statement certifying that "[n]o agreements have been reached, and no representations have been made to me as to what the sentence will be, except as set out in [the] plea agreement and stipulation of facts." Rec., vol. I, doc. 7, at 3. Furthermore, Mr. Russell stated on the record that he had not been coerced, threatened, or promised anything by his attorney that was not in the plea agreement. Rec., vol. II, at 7-8. "Although such record responses are subject to challenge under appropriate circumstances, they 'constitute a formidable barrier in any subsequent [ ] proceedings.' " Worthen v. Meachum, 842 F.2d 1179, 1183-84 (10th Cir.1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Mr. Russell offers only conclusory allegations that his counsel promised him a more lenient sentence, allegations which are not enough to overcome the presumption of verity accorded "[s]olemn declarations in open court." Blackledge, 431 U.S. at 74.
 
 
 10
 We thus GRANT defense counsel's motion to withdraw and DISMISS Mr. Russell's appeal with respect to the district court's refusal to grant a downward departure. We AFFIRM the district court's ruling that Mr. Russell's plea was not the result of ineffective assistance of counsel. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The court also ordered Mr. Russell to pay a mandatory special assessment fee of $150, and Mr. Russell agreed to surrender his interest in two vehicles purchased in whole or in part with proceeds from the bank robberies