52 F.3d 338
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Francisco CRUZ, a/k/a Francisco Cruz-Samaniego, Defendant-Appellant.
 No. 94-1448.
 United States Court of Appeals, Tenth Circuit.
 April 24, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Appellant Francisco Cruz pled guilty to one count of illegal reentry into the country after deportation in violation of 8 U.S.C. 1326(a), and violating the conditions of his supervised release in a related case. Mr. Cruz appeals the district court's refusal to depart downward in sentencing. We have jurisdiction under 28 U.S.C. 1291 and affirm.
 
 
 3
 Mr. Cruz was initially indicted for illegal reentry after conviction for an aggravated felony under 8 U.S.C. 1326, which carries a maximum statutory sentence of twenty years. 8 U.S.C. 1326(b)(2). With the consent of court-appointed counsel, the government replaced this offense by filing an information charging Mr. Cruz with simple reentry after deportation under 8 U.S.C. 1326(a), which carries a maximum prison term of two years. Mr. Cruz pled guilty to this lesser charge on July 22, 1994, and admitted to a violation of the conditions of his supervised release.
 
 
 4
 Before his sentencing on September 2, 1994, Mr. Cruz filed a request for downward departure. He asked the district court to consider imposing the sentences for the illegal reentry and for the supervised release violation to run concurrently, and to consider departing from the Guideline range to a sentence of fifteen months. The district court implicitly recognized it had the discretion to depart downward, but stated that doing so under the facts of this case would amount to a failure to uphold the law. Subsequently, the court sentenced Mr. Cruz to a term of imprisonment of twenty-four months: the net result of a two year sentence on the illegal reentry charge and a twelve month concurrent sentence on the supervised release violation.
 
 
 5
 Mr. Cruz's court-appointed counsel represented him throughout the plea process and filed a notice of appeal. Counsel has since filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating his opinion that no meritorious issues could be raised on appeal and asking leave to withdraw as counsel.[2] In his brief, counsel accurately recalculates Mr. Cruz's sentence based on the sentencing guidelines and statutory requirements and concludes no error was even arguably committed by the sentencing court. He acknowledges the district court's recognition of its power to depart downward and the reasons for the court's refusal to do so.[3] "If the district court recognized that it had the authority to depart, but in its discretion chose not to do so, this court has no jurisdiction to review that decision." United States v. Sanders, 18 F.3d 1488, 1490 (10th Cir.1994) (citation omitted). Because the district court was aware of its discretion to depart downward, its (limited) refusal to do so is not appealable.
 
 
 6
 We note further that a plea of guilty generally waives all nonjurisdictional factual issues. E.g. United States v. Allen, 24 F.3d 1180 (10th Cir.), cert. denied, 115 S.Ct. 493 (1994). As such, any claims on appeal unrelated to the imposition of sentence would have to bear on the entry of the plea itself. The record is devoid of any indication Mr. Cruz's plea was involuntary or unknowing. Similarly, there is nothing to suggest that in entering his plea, Mr. Cruz was ill-advised by counsel. Not only did his counsel effectively negotiate a much less serious charge to be filed against Mr. Cruz, but counsel also was able to persuade the sentencing court to impose concurrent sentences for Mr. Cruz's crimes.
 
 
 7
 Consequently, we GRANT defense counsel's motion to withdraw and DISMISS Mr. Cruz's appeal with respect to the district court's refusal to grant a downward departure due to our lack of jurisdiction to review this issue.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We commend counsel for his forthright action
 
 
 [3]
 Counsel additionally recognizes the fact that in imposing the two sentences to run concurrently, the court, in effect, did depart downward from the applicable range. In truth then, the court exercised its discretion to depart downward but did not do so as generously as Mr. Cruz had hoped