U.S. v. Estrella                    CR-95-81-JD   04/04/96

UNITED STATES DISTRICT COURT FOR THE
                        DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                              Criminal No. 95-81-01-JD

Lawrence Estrella


                            O R D E R


        Before the court is the defendant's motion to set aside the
jury verdict and to dismiss the indictment (document no. 110).


                            Background

        On September 14, 1995, the defendant was found guilty of
violating 18 U.S.C. § 922(g), which prohibits, inter alia,
convicted felons from possessing firearms that have travelled in
interstate commerce.  The evidence presented at trial indicated
that the defendant possessed a pistol at some point between
February 16, 1994, the day the pistol was purchased, and March 8,
1994, the day the pistol was seized from his home, and the jury
was required to so find in order to convict.

        The defendant stipulated at trial that on June 27, 1980, he
had been convicted in Norfolk County, Massachusetts, of a crime

punishable by a term of imprisonment exceeding one year.[1]  The

defendant was released from prison for this offense in September

1987.  There is no evidence that Massachusetts ever expressly

restored the defendant's civil rights following his

incarceration.

On February 26, 1996, the First Circuit held that a

convicted felon's civil rights could be restored by laws of

general application and without individualized, affirmative

action by the state.  United States v. Caron, No. 94-2026, 1996

WL 71722 (1st Cir. Feb. 26, 1996) at * 3 (overruling United

States v. Ramos, 961 F.2d 1003 (1st Cir. 1992)).  The defendant

subsequently filed the instant motion pursuant to Fed. R. Crim.

P. 12(b)(2), arguing that his rights had been restored as a

matter of Massachusetts law, and that his June 27, 1980,

conviction in Massachusetts cannot serve as the basis for a

---

[1]The defendant's criminal record includes four Massachusetts
convictions and a Michigan conviction.  However, the June 27,
1980, conviction in Massachusetts was the only one mentioned in
the indictment.  Although the government has expressed its
intention to rely on the defendant's other convictions for
sentencing enhancement under 18 U.S.C. § 924(e)(1), the June 27,
1980, conviction charged in the indictment is the only one upon
which the defendant's conviction is based, and the only one
relevant to the instant motion.

conviction under § 922(g).[2]  The court has postponed the defendants' sentencing to consider this purely legal question.

## Discussion

18 U.S.C.§ 922(g) provides in pertinent part:

It shall be unlawful for any person --

> (1) who has been convicted in any court, of a crime punishable by imprisonment for a term exceeding one year;
>
> . . .

> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 922(g) (West Supp. 1996).

18 U.S.C. § 921(a)(20), which defines the term, "crime punishable by imprisonment for a term exceeding one year," provides:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the

---

[2]Prior to filing the instant motion, the defendant had not argued at any previous stage of the proceedings that his civil rights had been restored so as to preclude conviction under § 922(g).  However, the defendant did testify at trial that he believed that his civil rights had been restored.  The court instructed the jury that this argument was relevant only to the second count of the indictment, which charged that the defendant made a false statement in the acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6).  The jury could not reach a verdict on this count, and a mistrial was declared.

> jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had his civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C.A. § 921(a)(20) (West Supp. 1996).

In Caron, the First Circuit endorsed a line of cases prescribing a two-pronged analysis, or some variation thereof, for determining whether state statutory law has effected a restoration of civil rights within the meaning of § 921(a)(20). 1996 WL 71722 at * 3 (citing, inter alia, United States v. Cassidy, 899 F.2d 543 (6th Cir. 1990)). Under this analysis, a federal court must determine whether a defendant's rights to vote, sit on a jury, and hold public office have substantially been restored by state law and, if so, whether state law expressly restricts the defendant's right to possess firearms. E.g., Cassidy, 899 F.2d at 549-50; see also United States v. Hall, 20 F.3d 1066, 1069 (10th Cir. 1994) (citing Cassidy); United States v. Driscoll, 970 F.2d 1472, 1480 (6th Cir. 1992) (collapsing the two prongs into one inquiry), cert. denied, 506 U.S. 1083 (1993); United States v. Dahms, 938 F.2d 131 (9th Cir. 1991) (reversing a conviction after finding that Michigan had restored the defendant's right to vote, sit on a jury, and hold

4

public office, and that his right to own a shotgun was not restricted).

The government concedes that, as a matter of Massachusetts statutory law, the defendant's rights to vote, sit on a jury, and hold public office substantially had been restored as of the date he purchased the firearm. Government's Reply Memorandum at 12 (noting that only the defendant's right to be a police officer was restricted at that time). Accordingly, the court considers only the question of whether Massachusetts law restricted the defendant's right to "ship, transport, possess, or receive firearms" within the meaning of 18 U.S.C. § 921(a)(20).[3] The court accepts the proposition that where, as here, "the restoration of civil rights occurs entirely by virtue of the statute books, other enacted statutes [can] constitute express restrictions on the scope of the restoration." United States v.

---

[3] In undertaking this inquiry, the court does not consider merely whether a convicted felon could, as a matter of state law, engage in the conduct for which he was indicted under federal law. Rather, the court focuses on the broader issue, as set forth by the terms of § 921(a)(20), of whether state law substantially restricted the defendant's rights to ship, transport, possess, or receive firearms. Accord Driscoll, 970 F.2d at 1480-81 (federal law prohibits felons from carrying all weapons if state law restricts them from carrying any type of weapon). But see Dahms, 938 F.2d at 134-35 (reversing a federal conviction of a convicted felon for possessing a shotgun where state law only prohibited him from possessing a pistol).

5

Glaser, 14 F.3d 1213, 1215 (7th Cir. 1994); see also United States v. Sanders, 18 F.3d 1488, 1490 (10th Cir. 1994).

Had he been a Massachusetts resident in 1994, the defendant, having been released from prison for more than six years, would have had the right to receive a Massachusetts firearms identification card and to own or possess a firearm at his residence or place of business. See Mass. Gen. L. Ann. ch. 40 §§ 129B, 129C (West 1996) (firearm identification card, and, thus, permission to own or possess firearm not available to applicants who have been convicted or released from confinement from felony conviction within five years of application); Commonwealth v. Ramirez, 555 N.E.2d 208, 211 (Mass. 1990). However, as a previously convicted felon, the defendant could not have obtained a license to carry a firearm outside his residence or place of business without obtaining judicial permission, Mass. Gen. L. Ann. ch. 40 § 131 (West 1996), and, without such a license, could not have obtained a permit to purchase or rent a firearm, id. ch. 40 § 131A (West 1996). These statutory limitations substantially restricted the defendant's right to ship, transport, possess, or receive firearms, and belie his claim that his civil rights were restored within the meaning of 21 U.S.C. § 921(a)(20). Cf. United States v. McKinley, 23 F.3d 181, 183 (7th Cir. 1994) (defendant's civil rights not restored because "'Indiana law

6

seeks to keep guns out of the hands of convicted felons'"

(quoting <u>United States v. Wagner</u>, 976 F.2d 354, 356 (7th Cir.

1992)); <u>Sanders</u>, 18 F.3d at 1490 (finding no restoration of civil

rights because Oklahoma law barred convicted felons from carrying

or possessing firearms).  Accordingly, the court finds that the

defendant's civil rights never were restored from his June 27,

1980, conviction, and that that state conviction is a proper

basis for a federal conviction under 18 U.S.C. § 922(g).


## Conclusion

The defendant's motion to set aside the jury verdict and to

dismiss the indictment (document no. 110) is denied.

SO ORDERED.


_____
Joseph A. DiClerico, Jr.
Chief Judge

April 4, 1996

cc:  M. Kristin Spath, Esquire
     U.S. Attorney
     U.S. Probation
     U.S. Marshal


7