**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 18 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA**,**

      Plaintiff-Appellee,

v.

JAMES THEODORE WICKS

      Defendant-Appellant.

No. 98-6028

(D.C. No. CR-176-A,
CIV-97-676-A)
(Western District of Oklahoma)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY** Circuit Judges.

---

James Theodore Wicks seeks to appeal the district court's decision denying his pro

se motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255.

Because Mr. Wicks has failed to make a "substantial showing of the denial of a

constitutional right,." see 28 U.S.C. § 2253(c)(2), we deny Mr. Wicks's application for a

certificate of appealability and dismiss this appeal.[1]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this

In November 1991, a jury convicted Mr. Wicks of eight drug trafficking and firearms offenses, including possession of a firearm after former conviction of a felony, a violation of 18 U.S.C. § 922(g)(1), and carrying a firearm in relation to a drug trafficking crime, a violation of 18 U.S.C. § 924(c)(1). The district court sentenced Mr. Wicks to concurrent sentences on seven of the offenses, including the 922(g) violation. The concurrent sentences ranged in length from 48 to 327 months. As to the eighth offense, the § 924(c)(1) violation for carrying a firearm in relation to a drug trafficking crime, the court sentenced Mr. Wicks to a consecutive 60 month term.. Pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), the court enhanced Mr. Wicks's sentence on the § 922(g)(1) conviction, finding that he had previously been convicted of three violent crimes. The court relied on Mr. Wicks's three prior convictions in California in 1963 for armed robbery.

On direct appeal, Mr. Wicks argued that the district court had erred in relying on the 1963 convictions because the record in those proceedings did not establish that he had knowingly and intelligently waived his constitutional rights in pleading guilty. This court rejected that argument, concluding that "[M]r. Wicks' pleas were entered into voluntarily and with full understanding according to 1963 standards." United States v. Wicks, 995 F.2d 964, 979 (10th Cir. 1993). The court therefore concluded that the enhancement of

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Mr. Wicks's sentence on the basis of the 1963 California convictions was proper.

In the instant § 2255 proceeding, Mr. Wicks alleged that he had obtained new evidence demonstrating that the California convictions had been expunged, and that, as a result, his sentence should not have been enhanced. He also argued that his conviction on the § 924(c)(1) charge for carrying a firearm in relation to a drug trafficking crime should be vacated pursuant to Bailey v. United States, 116 S. Ct. 501 (1995). The government conceded that Mr. Wicks's § 924(c)(1) conviction was invalid under Bailey, and the district court therefore granted Mr. Wick's § 2255 motion as to that offense. However, as to the enhancement of the § 922(g)(1) sentence on the basis of the 1963 California convictions, the district court denied Mr. Wicks's motion.

In challenging the sentence enhancement, Mr. Wicks presented to the district court the following documents filed in a criminal case against him in the United States District Court for the Central District of California: (1) a December 4, 1989 judgment and commitment order finding Mr. Wicks guilty of violating 18 U.S.C. § 371 and 18 U.S.C. § 513 and sentencing him to a twenty-seven month term of imprisonment; (2) courtroom minutes indicating that the judge heard arguments on Mr. Wicks's motion to reduce his sentence pursuant to Fed. R. Crim. P. 35; (3) an April 4, 1990 order indicating that Mr. Wicks had sufficiently raised the issue of the invalidity of his guilty pleas under Boykin v. Alabama, 395 U.S. 238 (1969) and directing the government to produce evidence on this issue; and (4) a May 31, 1990 judgment and commitment order reducing Mr. Wicks's

sentence to twenty-one months. Mr. Wicks argued that this evidence was sufficient to establish that the California federal court had expunged his 1963 convictions.

In rejecting Mr. Wicks's argument, the district court reasoned that the documents presented from the California federal court indicated only that that court had decided not to use the 1963 convictions in determining an appropriate sentence in the case before it. The district court said that the California federal court's decision was "not tantamount to setting aside those convictions" for purposes of sentencing under the Armed Career Criminal Act. Rec. doc. 125 (District Court Order filed November 3, 1997) at 4-5.

Mr. Wicks now argues that the California federal court's sentencing decision constituted a final judgment on which the district court case was required to rely under the doctrine of res judicata. He also alleges that the district court's reliance on the 1963 California convictions violates his rights under the Due Process Clause of the Fourteenth Amendment.

We discern no error in the district court's analysis regarding Mr. Wicks's 1963 California convictions. Under the statutory definition applicable to the Armed Career Criminal Act, what constitutes a prior conviction :

> shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of

4

> civil rights expressly provided that such person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20).  Thus, in this case, the validity of Mr. Wicks's 1963 convictions must be assessed under California law.  See United States v. Sanders, 18 F.3d 1488, 1490 (10th Cir. 1994).

As the district court observed, the materials that Mr. Wicks submitted from the California federal court case do not establish that his 1963 convictions are invalid under California law.  The fact that the California federal court did not rely on these convictions in determining a sentence does not demonstrate that they may not be used by another federal court in enhancing a sentence under the Armed Career Criminal Act.

Accordingly, we deny Mr. Wicks's application for a certificate of appealability and dismiss this appeal.


ENTERED FOR THE COURT,

Robert H. Henry
Circuit Judge